GILBERT W. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1408.    Promulgated October 22, 1927.

*H. A. Mihills, C. P. A.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

LANSDON: This proceeding came on for hearing and was heard upon the merits on October 21, 1926, upon petitioner's claim that the Commissioner erred in computing the profit upon the sale of real estate in 1916 on the installment sales basis and in allocating a loss on stock of the bankrupt Lozier Motor Car Co. to a year prior to 1917.

As set forth in the Board's findings of fact and opinion promulgated February 18, 1927 (6 B. T. A. 135), the Commissioner determined deficiencies of $9,817.20 for 1918 and $4,973.91 for 1920, and overassessments of $157.31 for 1917 and $22,280.65 for 1919. In its decision promulgated February 18, 1927, the Board after finding of facts with reference to the Lozier Motor Car Co. in connection with the alleged stock loss made no decision in respect thereof but held that the Board was without jurisdiction to make a determination for 1917 and 1919 since the Commissioner had determined overassessments for those years. No error was assigned by the petitioner as to the year 1919.

Subsequent to the promulgation of the Board's decision, hereinbefore referred to, counsel for petitioner filed a motion asking that the Board reconsider its decision with reference to the question of jurisdiction to make a redetermination for the year 1917. This motion came on for hearing and was heard, and it appears that the overassessment of $157.31 determined by the Commissioner for 1917 was the result of an assessment of a deficiency and a subsequent denial in part in the deficiency notice of a claim for abatement filed by the taxpayer and that by reason of this action the Board has jurisdiction to make a determination in respect of the year 1917.

The first and last paragraphs of the Board's opinion promulgated February 18, 1927, were therefore in error in stating that the Board

was without jurisdiction to make a determination in respect of the year 1917.

From a consideration of the evidence submitted in the case, the Board is of the opinion that whatever loss the petitioner sustained as a result of his investment in the stock of the Lozier Motor Car Co. was sustained not later than February 4, 1915, when all of the assets of the company were sold for less than one-third of an amount sufficient to pay the proven claims of indebtedness against the company. We think that after February 4, 1915, the petitioner had no reason to expect that he would receive anything whatever on account of the dissolution of the company.

The conclusion which we have reached with reference to the claimed loss in the year 1917 results in no change in the decision reached by the Board in its decision promulgated February 18, 1927, and the order of redetermination will be entered on 10 days' notice, under Rule 50, as directed.

Considered by TRUSSELL, SMITH, LITTLETON, and LOVE.